UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa   Division

MELVONIA JOHNS  , individually
and as mother of Brittany Davis                    Case No.: 8:04-cv-2667-T-23MSS
LATESHIA THOMPKINS,
BRITTANY DAVIS,
      Plaintiffs,


      v.
City of Tampa, Florida;
Paul Miller, individually; Bradley House; individually;
Yolanda Cox, individually; Keith Billingsley; individually;
Debra Cochran, individually;  B. Holder, individually;
S. Augeri, individually; R. Diaz; individually; K. Ahles,
individually; Scott Bruce, individually; and D. Drabiniak,
 individually
      Defendants.
_____\

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1.     This is an action for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the fourth and Fourteenth Amendments to the United States Constitution, and under Florida law, against Tampa Police officers, in their individual or official capacity, and against the City of Tampa.

2.     The individual police officer defendants intentionally and with malice made a warrantless and unreasonable search of the home and of the person of the PLAINTIFFS, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Against their will, the Plaintiffs were threatened, handcuffed, battered, and searched by the police officers in their private residence. These violations and torts were committed as a result of inadequate policies and customs of the City of Tampa.

1

## Jurisdiction

3.      PLAINTIFFS' claims are made pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  PLAINTIFFS invoke the

jurisdiction of the United States District Court pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, and

28 U.S.C. § 1343.  This court also has jurisdiction over any state law claims pursuant to supplemental

jurisdiction under 28 U.S.C. §1367.

4.      The actions of the DEFENDANTS violated the following clearly established and well

settled federal constitutional rights of the PLAINTIFFS:

  a.      Freedom from a warrantless and unreasonable search of their home;
  b.      Freedom from the unreasonable seizure of their person;
  c.      Freedom from the use of excessive, unreasonable, and unjustified force against their
          person.

5.      Plaintiffs have fully complied with all conditions precedent to bringing this action

imposed by the laws of the State of Florida, particularly the provisions of   Section 768.28 of the

Florida Statutes including a failure to resolve this claim within 180 days period prior to filing this

action.   A copy of plaintiff's Notice of Claim and corresponding acknowledgment of receipt is

attached hereto, and made a part hereof, as composite Exhibit "A."

## Venue

6.      Venue is proper in the Middle District of Florida as all acts giving rise to or related to

this action occurred in Tampa, Hillsborough County, Florida.  All Defendants reside in the Middle

District of Florida.

2

## **PARTIES**

### **Plaintiffs**

7.     Plaintiff   **MELVONIA JOHNS** (herein JOHNS or PLAINTIFFS) is a resident of Hillsborough County, the State of Florida, and the Middle District of Florida.

8.     Plaintiff **LATESHIA THOMPKINS** (herein THOMPKINS or PLAINTIFFS) is a resident of Hillsborough County, the State of Florida, and the Middle District of Florida

9.     Plaintiff **BRITTANY DAVIS** (herein DAVIS or PLAINTIFFS) is a resident of Hillsborough County, the State of Florida, and the Middle District of Florida.  DAVIS is the minor daughter of her mother, JOHNS, and this action is brought by her mother on her own behalf and that of DAVIS, whose date of birth is October 2, 1991.

### **Defendants**

10.     The City of Tampa, Florida, is a municipal corporation and the public employer of the DEFENDANTS, officers of the City of Tampa Police Department.   DEFENDANTS  were at all times to this complaint duly appointed and acting officers of the City of Tampa Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, and customs of the City of Tampa Police Department.

11.     At all times referred to herein, defendant Detective PAUL D. MILLER ("defendant MILLER) was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee.  PLAINTIFFS sue MILLER in his individual capacity.

3

12.     At all times referred to herein, defendant  Detective KEVIN  AHLES ("defendant AHLES)  was employed as a police officer by CITY OF  TAMPA POLICE DEPARTMENT,  and was acting under the direction and control of  Bennie Holder, then - Chief of Police, as an agent, servant and employee.  PLAINTIFFS sue AHLES in his individual capacity.

13.     At all times referred to herein, defendant SCOTT. BRUCE ("defendant  BRUCE") was employed as a police officer by CITY OF  TAMPA POLICE DEPARTMENT,  and was acting under the  direction  and  control of   Bennie Holder,  then - Chief of   Police,  TAMPA  POLICE DEPARTMENT, as an agent, servant and employee. PLAINTIFFS sue BRUCE in his individual capacity.

14.     At all times referred to herein, defendant Detective D. DRABINIAK ("defendant DRABINIAK") was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee. PLAINTIFFS sue DRABINIAK in his individual capacity.

15.     At all times referred to herein, defendant  Sergeant BOBBY  HOLDER ("defendant HOLDER") was employed as a police officer by CITY OF  TAMPA POLICE DEPARTMENT,  and was acting under the direction and control of  Bennie Holder, then - Chief of  Police, TAMPA POLICE DEPARTMENT, as an agent, employee and supervisor of DEFENDANTS.  PLAINTIFFS sue HOLDER in his official capacity.

16.     At all times referred to herein, defendant Detective BRADLEY HOUSE ("defendant HOUSE) was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE

4

DEPARTMENT, as an agent, servant and employee.  PLAINTIFFS sue  HOUSE in his individual capacity.

17.     At all times referred to herein, defendant Detective YOLANDA COX ("defendant COX") was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee. PLAINTIFFS sue  COX in her individual capacity.

18.     At all times referred to herein, defendant   KEITH P. BILLINGSLEY ("defendant BILLINGSLEY")   was employed as a police officer by CITY OF  TAMPA POLICE DEPARTMENT,  and was acting under the direction and control of  Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee.  PLAINTIFFS sue BILLINGSLEY in his individual capacity.

19.     At all times referred to herein, defendant Detective DEBRA COCHRAN ("defendant COCHRAN) was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee.  PLAINTIFFS sue COCHRAN in her individual capacity.

20.     At all times referred to herein, defendant Detective SALVATORE AUGERI ("defendant AUGERI") was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, TAMPA POLICE DEPARTMENT, as an agent, servant and employee.  PLAINTIFFS sue AUGERI in his individual capacity.

5

21.   At all times referred to herein, defendant Detective R. DIAZ ("defendant DIAZ") was employed as a police officer by CITY OF TAMPA POLICE DEPARTMENT, and was acting under the direction and control of Bennie Holder, then - Chief of Police, as an agent, servant and employee. PLAINTIFFS sue DIAZ in his individual capacity.

## STATEMENT OF FACTS

22.   On or about December 11, 2000, a confidential informant allegedly called Defendants MILLER and COX and stated that a quantity of marijuana was at JOHNS' residence. JOHNS resided at 8319 N. 18th St., Tampa, Florida.

23.   Allegedly, the informant stated that McCauley, driving a red Rodeo, was JOHNS' supplier and he was bringing a large quantity of marijuana to her home.

24.   HOUSE and COCHRAN allegedly supervised a narcotics investigation and drug purchase at JOHNS' home more than 90 days prior to December 11, 2000.

25.   MILLER, HOUSE, COX, and HOLDER testified that Tampa Police Department (TPD) narcotics squads and narcotics detectives routinely engage in the search technique "knock and talk."

26.   Without probable cause, an arrest warrant on any residents or occupants of JOHNS' home, or a search warrant, MILLER elected to conduct a "knock and talk" at the home to search without a search warrant.

27.   Prior to leaving TPD headquarters MILLER informed his supervisor, Sergeant HOLDER, that based on information from an informant he and members of Narcotics Squad 121 were preparing to conduct a "knock and talk" to obtain consent to search JOHNS' home.

6

28.    Prior to approaching JOHNS' home, MILLER, HOUSE, COX,  and other DEFENDANTS established surveillance on the home and planned how to conduct their investigation.

29.    December 12, 2000, JOHNS filed an internal affairs complaint (IAC NO. 00F-523) against MILLER for  illegal entry, illegal search, and illegal detention of all persons at her residence on December 11, 2000, without PLAINTIFFS' consent.

30.    December 12, 2000, PLAINTIFFS, their guests, and all DEFENDANTS  gave sworn statements to internal affairs regarding the warrantless search of JOHNS' home, custodial arrests of the PLAINTIFFS, and damaged property.

31.    HOUSE testified that MILLER knocked loudly on the front door and front window of JOHNS' home as he demanded that she open her door.

32.    MILLER announced that he had a search warrant and threatened to "kick the door down" if  it was not opened.

33.    MILLER yelled JOHNS  and McCauley's first names as he knocked for several minutes.

34.    McCauley opened the door and was immediately handcuffed and taken outside the home.

35.    JOHNS, who was with McCauley at the door, was immediately handcuffed inside the home.

36.    After initial entry, MILLER placed his hands on JOHNS' shoulders and demanded that she "give him the dope."

37.    MILLER demanded that JOHNS allow a search of her home.

38.     MILLER escorted JOHNS in handcuffs into two separate bedrooms, including the master bedroom.

39.     MILLER threatened to call the canine unit to conduct a search of JOHNS' home. He made several unsuccessful phone calls to locate an available unit.

40.     MILLER threatened to call the Department of Children and Services to remove JOHNS' children.

41.     MILLER threatened to arrest JOHNS' minor daughter on unspecified grounds.

42.     JOHNS repeatedly denied consent to search her home on December 11, 2000.

43.     MILLER escorted JOHNS alone in the master bedroom, closed the door and further detained JOHNS by leaving her handcuffed behind the closed door.  When JOHNS managed to opened the door while handcuffed MILLER repeatedly ordered her to "stay in there"  [bedroom].

44.     MILLER entered the master bedroom, pressed JOHNS to the wall as he held her by her shoulders, and face to face demanded "where is the dope?"

45.     MILLER read Miranda rights to both JOHNS and Frank McCauley without probable cause and without making an arrest.

46.     COCHRAN twice physically searched THOMPKINS, including manipulation of her stomach.  THOMPKINS was several months pregnant.

47.     MILLER searched JOHNS' house guest, Jim Seay,  read him Miranda rights and informed him that he was under arrest for an undisclosed crime.

48.     MILLER testified that he obtained JOHNS' consent to search the home <u>after</u> he spoke  with her alone in her master bedroom.

8

49.     Without voluntary or involuntary consent, the DEFENDANTS entered and searched the interior and exterior of JOHNS' home including her fenced backyard.

50.     The DEFENDANTS forced the locks on two unlocked interior bedroom doors and conducted searches of her minor children's bedroom.   BILLINGSELY supplied a tool to AHLES that was used to physically pry the doors open.

51.     Without voluntary or involuntary consent, the DEFENDANTS searched the entire home:  bedroom and hall closets, shoes, bath and kitchen cabinets, clothes on the rack, laundry, dresser drawers, under mattresses, inside unopened cereal boxes, inside unopened Christmas gifts, and the baby bag for the unborn grandchild.

52.     JOHNS and McCauley remained handcuffed in her home approximately 45 minutes to 1 hour, the duration of the search

53.     MILLER and DEFENDANTS re-entered JOHNS' home after concluding the initial search and after completely exiting the home.

54.     Without permission, MILLER opened the front door and stated that he received a phone call from his informant that the marijuana was in the attic.

55.     Over JOHNS' angry protest MILLER and the DEFENDANTS intentionally and maliciously conducted a second non-consensual warrantless search of two (2) separate attics.

56.     The DEFENDANTS did not locate any narcotics or on any persons, including PLAINTIFFS.

57.     The DEFENDANTS did not arrest the PLAINTIFFS or any other persons at JOHNS' home.

58.     The DEFENDANTS did not obtain or attempt to obtain a consent to search form from any PLAINTIFFS, including JOHNS.

59.     At all times during the events described above, the DEFENDANT OFFICERS were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of  their office to each other during the said events.

60.      DEFENDANTS together assisted and participated in the entry, search, and detention of   PLAINTIFFS and failed to exercise a duty to intervene and prevent further violations of PLAINTIFFS civil rights, despite having an opportunity.


**CAUSES OF ACTION**

**COUNT -1**

**FAILURE TO DISCIPLINE AND SUPERVISE:**
**UNLAWFUL SEARCH, SEIZURE, DETENTION AGAINST**
**DEFENDANT, CITY OF TAMPA, IN VIOLATION OF 42 U.S.C.  § 1983**

61.     Against City of Tampa, PLAINTIFFS, state

62.     PLAINTIFFS reallege and adopt the allegations in paragraphs 1 through 61.

63.     Prior to December 11, 2000, the City of Tampa developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Tampa, which caused a violation of the PLAINTIFF'S rights.

64.     It was the policy and /or custom of the City of Tampa Police Chief to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Tampa, including, but not limited to, the following incidents:

10

a.      Failure to adequately discipline officers;

b.      Explicit implementation and widespread use of "knock and talk" as an investigative tool to conduct searches of citizens homes without probable cause and without, supervision and procedures to protect citizens from constitutional rights violations by officer misconduct.

c.      Failure to adequately investigate complaints against officers;

d.      Failure to sanction officers for failure to file timely reports.

65.     It was the policy and / or custom of the City of Tampa to inadequately supervise and train and discipline its police officers, including the DEFENDANTS, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

66.     As a result of the above described policies and customs, police officers of the City of Tampa, including the DEFENDANTS, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or would not be sanctioned, but tolerated by the City of Tampa.

67.     The above described policies and customs and omissions demonstrated a deliberate indifference on the part of policymakers of the City of Tampa to the constitutional rights of persons within the City, and were the cause of the violations of PLAINTIFF'S rights alleged herein.

68.     As a direct and proximate result of the customs, policy, and procedures, and lack of adequate sanctions described herein, in violation of 42 U.S.C. § 1983, PLAINTIFF'S have suffered grievously, and has been brought into public scandal, with great humiliation, mental

11

suffering, loss earnings, and damaged reputation.

WHEREFORE, the PLAINTIFFS request that this court award compensatory damages against the  CITY OF TAMPA; award costs of this action to the PLAINTIFFS; award reasonable attorney's fees and costs under 42  U.S.C. §§ 1983 and 1988; and  award such other and further relief as this Court may deem appropriate.  The PLAINTIFFS hereby demand a jury trial.

## COUNT -2

### FAILURE TO DISCIPLINE AND SUPERVISE: UNLAWFUL SEARCH, SEIZURE, DETENTION AGAINST DEFENDANT  SERGEANT B. HOLDER, INDIVIDUALLY, IN VIOLATION OF 42 U.S.C.  § 1983

Against   SGT. HOLDER, individually, PLAINTIFFS state:

69.     PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

70.   SGT. HOLDER was personally informed by MILLER that the DEFENDANTS, acting individually and in concert, intended to conduct a search of JOHNS' private home without a search warrant.   SGT. HOLDER did not instruct or otherwise require safeguards and assurances that JOHNS or other citizens of  the City would not suffer constitutional rights violations.  SGT. HOLDER was aware that the DEFENDANTS lacked probable cause to obtain a search warrant.

71.    The conduct of  SGT HOLDER,  individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C.§1983, to be free from search and seizure and arrest in the absence of probable cause.   SGT. HOLDER knew or should have known that constitutionally protected consent to search JOHNS' resident required voluntary or uncoerced

12

consent and without intimidation.

72.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

73.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering, loss of earnings, and damaged reputation. PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT - 3

## FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT MILLER, INDIVIDUALLY, 42 U.S.C. § 1983

Against MILLER, individually, PLAINTIFFS state:

74.     PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

75.     MILLER intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of MILLER constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

76.     The conduct of  MILLER individually, was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United

States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause.

77.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

78.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, PLAINTIFFS have suffered grievously, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE,   PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;  trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT - 4

## FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT HOUSE, INDIVIDUALLY, 42 U.S.C. § 1983

Against HOUSE, individually, PLAINTIFFS state:

79.     PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

80.     HOUSE intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of HOUSE constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

81.     The conduct of  HOUSE individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth

Amendments of the United States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause.

82.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

83.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for  punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.


## COUNT - 5

## FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT COX, INDIVIDUALLY, 42 U.S.C. § 1983

Against COX, individually, PLAINTIFFS state:

84.     PLAINTIFF'S reallege and adopt the allegations of paragraphs 1 through 61.

85.     COX intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of COX constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

86.     The conduct of COX individually, towards PLAINTIFFS was objectively unreasonable

15

and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

87.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

88.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, plaintiff prays for judgment for compensatory damages in excess of $ 15,000.00 dollars;  judgment for exemplary punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT - 6

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT BILLNGSLEY, INDIVIDUALLY, 42 U.S.C. § 1983

Against BILLINGSLEY, individually, PLAINTIFFS state:

89.    PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

90.    BILLINGSLEY intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of BILLINGSLEY constituted false arrest or false imprisonment of  PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

91.    The conduct of BILLINGSLEY individually, towards PLAINTIFF was objectively

16

unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause.

92.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

93.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE,   PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT - 7

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT COCHRAN, INDIVIDUALLY, 42 U.S.C. § 1983

Against COCHRAN, individually, PLAINTIFFS state:

94.      PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

95.     COCHRAN intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of COCHRAN constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

96.      The conduct of  COCHRAN individually, towards PLAINTIFFS was objectively

unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §§1983, to be free from seizure and arrest in the absence of probable cause.

97.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

98.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFF'S have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation. PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C.§ 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-8

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT AUGERI, INDIVIDUALLY, 42 U.S.C. §1983

Against AUGERI, individually, PLAINTIFFS state:

99.     PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

100.     AUGERI intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority. The actions of AUGERI constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

101.     The conduct of AUGERI individually, towards PLAINTIFFS was objectively

unreasonable and violated PLAINTIFFS clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C.§ 1983, to be free from seizure and arrest in the absence of probable cause.

102.  The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

103.   As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

104.   As a further direct and proximate result of the conduct of AUGERI, PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for exemplary / punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-9

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT R.  DIAZ, INDIVIDUALLY, 42 U.S.C. § 1983

Against DIAZ, individually, PLAINTIFFS state:

105.  PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

106.  DIAZ intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of DIAZ constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

19

107.  The conduct of DIAZ individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFFS clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

108.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

109.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation. PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C.§ 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-10

## FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT AHLES, INDIVIDUALLY, 42 U.S.C. § 1983

Against AHLES, individually, PLAINTIFFS state:

110.    PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

111.    AHLES intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of AHLES constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

112.    The conduct of AHLES individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause.

113.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

114.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for exemplary / punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### COUNT-11

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT  S. BRUCE,  INDIVIDUALLY,  42 U.S.C. § 1983

Against BRUCE, individually, PLAINTIFFS state:

115.    PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

116.    BRUCE intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of  BRUCE constituted false arrest or false imprisonment of  PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

21

117.     The conduct of  BRUCE individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983, to be free from seizure and arrest in the absence of probable cause.

118.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

119.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. §1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation.  PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for exemplary / punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-12

### FALSE ARREST / FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT  DRABINIAK,  INDIVIDUALLY, 42 U.S.C. § 1983

Against  DRABINIAK, individually, PLAINTIFFS state:

120.     PLAINTIFFS reallege and adopt the allegations of paragraphs 1 through 61.

121.     DRABINIAK intentionally and maliciously caused the false arrest or false imprisonment of PLAINTIFFS in the absence of probable cause and lawful authority.  The actions of DRABINIAK constituted false arrest or false imprisonment of PLAINTIFFS in a manner exhibiting wanton and willful disregard for human rights, safety, or property.

122.    The conduct of DRABINIAK individually, towards PLAINTIFFS was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

123.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

124.    As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation. PLAINTIFFS suffered loss of liberty and freedom, and mental anguish, in violation of their civil rights.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $15,000.00 dollars;    judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-13

### BATTERY / EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT MILLER, INDIVIDUALLY, 42 U.S.C. § 1983

Against defendant  MILLER, individually, PLAINTIFFS state:

125.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

126.    MILLER acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

127.    The conduct of MILLER towards PLAINTIFFS was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional

23

rights under the Fourth and Fourteenth Amendments   and 42 U.S.C. § 1983.

128.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

129.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation.   PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### COUNT – 14

### EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT HOUSE, INDIVIDUALLY, 42 U.S.C. § 1983

Against defendant HOUSE, individually, PLAINTIFFS state:

130.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

131.    HOUSE acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

132.    The conduct of HOUSE towards PLAINTIFFS, was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments  and 42 U.S.C. § 1983.

133.  The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

134.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation.  PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT -15

### BATTERY / EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT COX, INDIVIDUALLY, 42 U.S.C.  1983

Against defendant  COX  individually, PLAINTIFFS state:

135.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

136.    COX acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

137.    The conduct of COX towards PLAINTIFFS was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

138.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

139.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, PLAINTIFFS   have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation. PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT -16

## EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT BILLINGSLEY, INDIVIDUALLY, 42 U.S.C. § 1983

Against defendant  BILLINGSLEY, individually, PLAINTIFFS state:

140.     PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

141.   BILLINGSLEY acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

142.     The conduct of defendant  BILLINGSLEY towards PLAINTIFFS, as more fully set forth above, was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments  and 42 U.S.C. § 1983.

143.   The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

144.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, PLAINTIFF'S have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation.  PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant

to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT -17

### BATTERY / EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT COCHRAN, INDIVIDUALLY, 42 U.S.C. § 1983

Against COCHRAN, individually, PLAINTIFFS state:

145.     PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

146.     COCHRAN acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

147.     The conduct of COCHRAN towards PLAINTIFFS was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments  and 42 U.S.C. § 1983.

148.  The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

149.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation.  PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

27

## COUNT-18

## EXCESSIVE USE OF FORCE CLAIM AGAINST
## DEFENDANT AUGERI, INDIVIDUALLY, 42 U.S.C. § 1983

Against AUGERI, individually, PLAINTIFFS state:

150.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

151.    AUGERI acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

152.    The conduct of AUGERI towards PLAINTIFFS was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments   and 42 U.S.C. §1983.

153.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

154.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation. PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## COUNT-19

## EXCESSIVE USE OF FORCE CLAIM AGAINST
## DEFENDANT DIAZ, INDIVIDUALLY, 42 U.S.C.  § 1983

Against DIAZ individually, PLAINTIFFS state:

28

155.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

156.    DIAZ acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

157.    The conduct of  DIAZ towards PLAINTIFFS was objectively unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments  and 42 U.S.C. §1983.

158.  The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

159.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, PLAINTIFFS   have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation. PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.


### COUNT-20

### EXCESSIVE USE OF FORCE CLAIM AGAINST
### DEFENDANT AHLES, INDIVIDUALLY, UNDER 42 U.S.C. § 1983

Against AHLES, individually, PLAINTIFFS state:

160.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

161.    AHLES acted in bad faith with malicious purpose or in a manner exhibiting wanton

and willful disregard of human rights, safety, or property.

162.     The conduct of defendant AHLES towards PLAINTIFFS was objectively

unreasonable and resulted in excessive use of force, in violation of PLAINTIFF'S clearly established

constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983.

163.     The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

164.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great

humiliation, mental suffering, loss of earnings, and damaged reputation.

PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of

$ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant

to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable

Court may deem just and appropriate.

## COUNT- 21

## EXCESSIVE USE OF FORCE CLAIM AGAINST
## DEFENDANT BRUCE, INDIVIDUALLY, 42 U.S.C. § 1983

Against BRUCE, individually, PLAINTIFFS state:

165.     PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

166.     BRUCE acted in bad faith with malicious purpose or in a manner exhibiting wanton

and willful disregard of human rights, safety, or property.

167.      The conduct of BRUCE towards PLAINTIFFS was objectively unreasonable and

resulted in  excessive use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments  and 42 U.S.C. § 1983.

168.    The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

169.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation. PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; Judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. §1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.


## COUNT-22

### EXCESSIVE USE OF FORCE CLAIM AGAINST DEFENDANT DRABINIAK, INDIVIDUALLY, 42 U.S.C.  1983

Against DRABINIAK, individually, PLAINTIFFS state:

170.    PLAINTIFFS reallege and adopt the allegations of paragraph 1 through 61.

171.     DRABINIAK acted in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

172.    The conduct of DRABINIAK towards PLAINTIFFS was objectively unreasonable and resulted in unnecessary use of force, in violation of PLAINTIFF'S clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C.  §1983.

173.  The PLAINTIFFS did not consent to the actions of the DEFENDANTS.

174.   As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFFS have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, loss of earnings, and damaged reputation.   PLAINTIFFS have also agreed to pay the undersigned a reasonable fee for services herein.

WHEREFORE, PLAINTIFFS pray for judgment for compensatory damages in excess of $ 15,000.00 dollars; judgment for punitive damages; cost of suit; reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS** demand trial by jury on all issues so triable.


**WHEREFORE, PLANITIFFS** demand judgment for damages against each Defendant,

joint and severally.



Respectfully submitted,

**ANGELA B. WRIGHT, P.A.**
Trial Counsel for Plaintiffs
300  N. Franklin St.
Tampa, FL 33602
Phone: (813) 277 - 0068
Facsimile: (813) 277 – 0587

By**:** **s/ANGELA B.  WRIGHT**
   Angela   B. Wright
   Florida Bar No. 0803065


Dated this 6th day of July 2005.